ILA STEPHENS BERTRAM,     )
                                    )

      Plaintiff/Appellant,     )
                                    )      Appeal No.
                                    )      01-A-01-9609-CH-00435
VS.                         )
                                    )      Fentress Chancery
                                    )      No. 96-33
CHARLES R. GERNT, ESTATE OF   )
BRUNO GERNT, INC., CHAMPION    )
INTERNATIONAL CORPORATION,    )
HOOD COAL COMPANY,           )
                                    )
      Defendants/Appellees.    )

**FILED**

**March 5, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEALED FROM THE CHANCERY COURT OF FENTRESS COUNTY
AT JAMESTOWN, TENNESSEE

THE HONORABLE BILLY JOE WHITE, CHANCELLOR



ILA STEPHENS BERTRAM
R.R. 3, Box 312A
Jamestown, Tennessee 38556
      Pro Se/Plaintiff/Appellant

JAMES P. ROMER
P. O. Box 797
Jamestown, Tennessee 38556
      Attorney for Defendants/Appellees Charles R. Gernt,
      Estate of Bruno Gernt, Inc. and Hood Coal Company

HARRY D. SABINO
P. O. Box 422
Crossville, Tennessee 38557
      Attorney for Defendants/Appellees Champion International
      Corporation and Tennessee Mining, Inc.



AFFIRMED AND REMANDED



                               BEN H. CANTRELL, JUDGE


CONCUR:
TODD, P.J.
LEWIS, J.

# MEMORANDUM  OPINION[1]

The plaintiff filed suit to establish present title to land in Fentress County that had previously belonged to her family.  The Chancery Court dismissed her suit on the ground that she lost whatever interest she had in the land through foreclosure.  After examining the record and the briefs of the parties, we find that the trial court did not err in dismissing the suit, and we affirm.

## I.

According to the brief of appellant, Ila Stephens Bertram, her ancestors lived on a part of the land in question at least as far back as the year 1823.  Through the generations they continued to acquire land, until they had accumulated five thousand acres.  Mrs. Bertram's great-grandfather Vardman Hogue inherited this five thousand acres from his father.  Mr. Hogue became involved in a lawsuit with two individuals named Weihle and Duffield, and in 1895 he settled the lawsuit by surrendering his rights to most of the land.

As part of that settlement, Vardman Hogue's wife Catherine received a life estate in a seventy acre tract that had been part of the larger parcel, with the remainder interest in the seventy acres to go to her legal heirs.  After a series of transactions, the bulk of the five thousand acres was deeded to a man named Bruno Gernt in 1913.

---

[1]Rule 10(b) of the Rules of the Court of Appeals reads as follows:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

The seventy acres eventually devolved to Alex Stephens, the grandson of Vardman and Catherine Hogue, and upon his death in 1972, to his eight children, including Mrs. Bertram. The heirs of Alex Stephens were not in agreement about what to do with the land, and in a series of purchases and other transactions, ownership was consolidated, with the appellant retaining a substantial interest.

In 1979, three of the heirs including the appellant borrowed $16,718 from the Cookeville Production Credit Association (PCA), and executed a Deed of Trust on the land to secure repayment on the note. Mrs. Bertram had planned to cut some of the timber on the land to help pay off the loan, but a cloud on the title allegedly discouraged a potential purchaser of the timber from going through with the deal.

The PCA called the note due, although it is unclear to us whether the association took this action because of non-payment of installments on the note or because they believed the collateral was impaired. Mrs. Bertram was unable to pay off the note in full, and the property was sold by foreclosure in 1983. The purchaser was one of the appellees, the Estate of Bruno Gernt, Inc., a Tennessee Corporation located in Fentress County.

## II.

In her complaint, Mrs. Bertram contended that she should be considered the rightful owner of the full five thousand acre tract because Wiehle and Duffield breached the terms of their settlement with Vardman Hogue. Of course the passage of time has rendered moot any claim that Mrs. Bertram's ancestors may have had against Messrs. Wiehle and Duffield and their successors.

- 3 -

Mrs. Bertram also claims that the 1983 foreclosure was invalid, apparently because an error in delineating the boundaries of the seventy acre parcel during an earlier proceeding led to a dispute that prevented her from using the timber to pay off the note. Whether her allegations are true or not, she has presented no colorable claim that would enable her to set aside the foreclosure.

While we respect the depth of her feelings about the loss of the last remnant of her family's lands, Mrs. Bertram has not presented any basis upon which this or any other court may find that she retains an ownership interest in any of the land in dispute. We therefore affirm the order of the trial court. Remand this cause to the Chancery Court of Fentress County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, JUDGE


CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
SAMUEL L. LEWIS, JUDGE